UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HELEN K. DEANGELIS | ) | |
| Plaintiff, | ) ) ) | |
|  | ) | Civil Action No. 24-CV-12883-AK |
| v. | ) ) | |
| TVI, INC. d/b/a SAVERS, VESTIS SERVICES, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR REMAND

**ANGEL KELLEY, D.J.**

On April 18, 2024, Plaintiff Helen DeAngelis ("DeAngelis") filed this civil action against Defendants TVI, Inc. d/b/a Savers ("TVI") and Vestis Services, LLC ("Vestis"). On November 19, 2024, Vestis filed a notice of removal, removing this case from Marlborough District Court to this Court. In its notice, Vestis asserted this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). DeAngelis filed a Motion to Remand this case, alleging the amount in controversy fell short of $75,000 [Dkt. 7], which Vestis opposed [Dkt. 11]. For the following reasons, DeAngelis' Motion to Remand [Dkt. 7] is **GRANTED** and this case shall be **REMANDED** to the Marlborough District Court for further proceedings.

**I.     DISCUSSION**

"'Federal courts,' [the Supreme Court] ha[s] often explained, 'are courts of limited jurisdiction.'" Royal Canin U.S.A., Inc. v. Wullschleger, No. 23-677, 2025 WL 96212, at *3 (U.S. Jan. 15, 2025) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377

1

(1994)). "[F]or all lower federal courts . . . Congress determines, through [] grants of [statutory] jurisdiction, [to] which suits" the Federal judicial power extends. Id.; see U.S. Const. Art. III § 2.

Congress vested "district courts" with "original jurisdiction" over "all civil actions where the matter in controversy exceeds the sum value of $75,000" and the suit "is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Congress extended the reach of federal jurisdiction by allowing "any civil action brought in a state court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant . . . to [a] district court of the United States . . . ." 28 U.S.C. § 1441(a). Thus, when the criteria for invoking the original jurisdiction of a federal court are met, the defendant may elect to defend against the plaintiff's claim(s) in federal, rather than state, court. See id. A defendant's right to remove a case, however, is not unlimited. "[B]ecause removal jurisdiction raises serious federalism concerns," courts must "construe removal statutes strictly and against removal." Rhode Island v. Shell Oil Prods. Co., 35 F.4th 44, 52 (1st Cir. 2022); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) ("[S]tatutory procedures for removal are to be strictly construed.").

In this case, Vestis removed this suit from state court, as contemplated by 28 U.S.C. § 1441(a), claiming the existence of diversity jurisdiction, as provided for by 28 U.S.C. § 1332(a). There is no dispute that the parties satisfy Section 1332(a)'s diversity requirement. [Dkt. 1 at 3]. DeAngelis is a Massachusetts resident. Vestis is a Delaware based LLC whose sole member is incorporated in Delaware and with a principal place of business in Georgia. [See Dkts. 1 at 2-3; 6]. TVI is incorporated and has its principal place of business in Washington. [Dkt. 1 at 3].

The sole dispute is whether the amount in controversy is greater than $75,000. [Dkts. 8; 11]. When a party seeks removal based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). However, good faith is an objective measure, requiring the court to ask "whether[,] to anyone familiar with the applicable law[,] this claim could objectively have been viewed as worth" more than $75,000. Abdel-Allem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012) (quoting Coventry Sewage Assoc. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995)) (internal quotation marks omitted).

In DeAngelis' operative complaint, she demanded an award "equivalent to the actual damages she sustained, plus pain and suffering, together with interest, costs, and such other and further relief" the court deems just or equitable. [Dkt. 1-1 at 11]. DeAngelis' medical bills and other expenses allegedly resulting from her injury amount to only $11,163.00 [Dkt. 12 at 25], but Vestis claims that "Plaintiff's presentation of a settlement demand that far exceeds the $75,000 threshold" is sufficient evidence to make up the $63,837 jurisdictional deficit. [Dkt. 11 at 2].

Although true that DeAngelis offered to settle the case in February 2024 for $350,000, [see Dkt. 11-1 at 6], without more, Vestis has not met its burden to establish, "by [a] preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B). Districts courts "must exercise considerable caution in considering" settlement offers when evaluating the amount in controversy requirement. Vermande v. Hyundai Motor Am., Inc., 352 F. Supp. 2d. 195, 202 (D. Conn. 2004). Settlement offers "do not necessarily reveal the reasonable amount in controversy[,]" 14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3703 n.8 (Rev. 5th ed. 2024), and other courts have "held that a

3

settlement letter is only one factor to consider in assessing the amount in controversy . . . ." Vermande, 352 F. Supp. 2d at 202; see also Ramchandra v. Amtrak Nat. R.R. Corp., 345 F. Supp. 2d 33, 34 (D. Mass. 2004) ("A settlement demand (or offer) is 'relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim,' but it is not dispositive." (quoting Cohn D.V.M. v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002))); Doughty v. Hyster New Eng., Inc., 344 F. Supp. 2d 217, 219 (D. Me. 2004) ("[A] settlement demand is not the sole determinative factor to consider when assessing the jurisdictional amount in controversy."); Nokes v. Petsmart, Inc., No. 09-cv-00194, 2009 WL 10722467, at *4 (N.D. Ohio April 23, 2009) ("[C]onsideration of settlement offers is permissible when [it] reflects an honest assessment of the value of the plaintiff's claims." (citation omitted)); Corlew v. Denny's Rest., Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997) ("[T]he mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount."). Vestis fails to provide additional evidence as to why DeAngelis' settlement demand, rather than the $11,163.00 in itemized medical expenses, "reasonably estimates the value of [DeAngelis'] claim." Ramchandra, 345 F. Supp. 2d at 34.

Vestis contends that the $350,000 demand reasonably estimates the claim because "[t]he demand letter is no off-the-cuff, informal demand intended simply as an arbitrary starting point for negotiations. Rather, it is a thorough, calculated presentation of a settlement demand with information identifying substantial supporting evidence." [Dkt. 11 at 4]. A simple review of the letter shows, beyond providing an itemized list of medical expenses, there is no analysis about how "certain changes in DeAngelis' lifestyle[]" is sufficient to bridge the amount-in-controversy shortfall. [See Dkt. 11-1 at 5-6]. Such threadbare "reasoning" cannot serve as a "good faith" estimate of DeAngelis' potential recovery. 28 U.S.C. § 1446(c)(2); cf. Lath v. Camp, No. 17-cv-

4

75-JL, 2018 WL 5017920, at *4 (D.N.H. Oct. 16, 2018) (concluding a $10 million "settlement demand" did not "reflect[ a] reasonable or good faith estimate[] of the value of" plaintiff's claims and requiring plaintiff to provide "facts [in] support [of] his damages claim[]" to establish jurisdiction).  Without more, Vestis cannot meet its burden to show, by a preponderance of the evidence, that this case satisfies the amount in controversy requirement.

Moreover, in addition to the unsupported settlement claim, another court has already held that DeAngelis will almost certainly recover less than $50,000.  DeAngelis originally filed her action in Middlesex Superior Court, yet the case was dismissed for failing to meet the Superior Court's amount-in-controversy requirement of $50,000.  Mass. G.L. c. 212 § 3.  That court found "that there is no reasonable likelihood that recovery will exceed $50,000."  [Dkt. 8-1 at 2-3]. The case was then re-filed in Middlesex District Court, which does not have the same monetary requirement.  Vestis is unable to offer any argument as to why this Court should ignore the Middlesex Superior Court's determination that DeAngelis' claim is worth less than $50,000, instead arguing that DeAngelis' initial filing in the Middlesex Superior Court implicitly indicates that DeAngelis expected to recoup more than $50,000 in damages from this suit.  [See Dkt. 11 at 4-5].  Not only does this still fail to fulfill Section 1332(a)'s $75,000 requirement but the Middlesex Superior Court clearly disagreed with DeAngelis' supposed damages assessment.

Given that DeAngelis' complaint seeks only $11,163.00 in actual damages, and the Middlesex Superior Court—an institution no doubt familiar with Massachusetts tort law— determined that any potential unenumerated damages would still fall short of $50,000, no person familiar with the law would objectively believe DeAngelis' claim to be worth more than $75,000.  Vestis has not met its burden to establish this case meets the amount-in-controversy requirement and this Court lacks jurisdiction.

As a final note, this Court takes particular exception with Vestis' attempt to remove this case from state court *after* the Middlesex Superior Court already determined "that there is no reasonable likelihood that recovery will exceed $50,000." [Dkt. 8-1 at 2-3]. The removal both disregarded the state court's finding and placed an unnecessary burden on this Court's time and resources. Further, without commenting on the merits of the case, the Court wonders about the strategy behind forcing DeAngelis, a senior citizen who suffered injuries after falling in a store, to endure seemingly unnecessary and burdensome litigation. A court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-50 (1991). Accordingly, Vestis is hereby warned that if it continues such conduct in the future, it may be subject to monetary sanctions.

## II.    CONCLUSION

For the foregoing reasons, DeAngelis' Motion to Remand [Dkt. 7] is **GRANTED** and this case shall be **REMANDED** to the Marlborough District Court for further proceedings.

**SO ORDERED.**

Dated: February 10, 2025                                /s/ Angel Kelley
                                                         Hon. Angel Kelley
                                                         United States District Judge